ADOLPH LEIBOWITZ and Another, Copartners, etc., Respondents, v. BICKFORD'S LUNCH SYSTEM and Another, Appellants.— Judgment modified as follows: In so

far as said judgment declares that the plaintiffs are entitled to a renewal of the sublease of the premises described in the complaint for a further period of five years from the 30th day of January, 1925, said judgment is reversed upon the law and the facts, with costs to appellant County Holding Company. This court decrees that the term of the sublease of said premises by defendant Bickford's Lunch System to the plaintiffs expired on January 30, 1925, and that the option contained in said sublease to the plaintiffs to renew the same for a further term of five years was invalid and of no effect as against the owner of the premises. This court decrees that the option contained in the original lease to the Capital Lunch, Inc. (now Bickford's Lunch System) for a renewal of said lease for five years from February 1, 1925, is valid and binding upon defendant County Holding Company, subject to exercise thereof by the defendant Bickford's Lunch System, and that the consent of the landlord was to a subtenancy in the plaintiffs, expiring January 30, 1925. That the landlord was not a party to the lease made by the Capitol Lunch System to Shapiro and others on May 15, 1919, and that the option of renewal therein referred to was not an option granted by the owner of the property. That the agreement referred to in the consent to subletting, signed by the County Holding Company, was not the sublease containing the privilege of renewal to the plaintiffs, and that the acceptance of rent during the running of the subtenancy was not a waiver of the landlord's right to limit said subtenancy, and as so modified, said judgment is affirmed. All findings of fact and conclusions of law inconsistent with this decision are hereby reversed, and findings of fact and conclusions of law in conformity herewith are found, the same to be settled, together with the form of the order to be entered, upon notice. Kelly, P. J., Manning, Kelby, Young and Kapper, JJ., concur.